UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

ANTHONY D. CHERRY,

    Plaintiff,

v.                                                    CASE NO. 6:14-cv-904-Orl-37TBS

ROBERT E. HANSELL, et al.,

    Defendants.

## ORDER OF DISMISSAL WITHOUT PREJUDICE

This case is before the Court on Plaintiff's amended civil rights complaint and construed motion to proceed in forma pauperis. (Doc. Nos. 5 & 6.) Plaintiff, a pretrial detainee proceeding *pro se*, is suing Osceola County Sheriff Robert E. Hansell and Osceola County Sheriff's Deputy G. Mitchell for false arrest and Public Defender Darlene Rollins for actions taken in the course of her representation of Plaintiff in his pending criminal case.

Section 1915(g) of Title 28 limits a prisoner's ability to bring a civil action in forma pauperis under certain circumstances:

> (g) In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. § 1915(g).   Thus, if a prisoner has had three or more cases dismissed for one of the recited reasons, he cannot proceed in forma pauperis and must pay the filing fee in full at the time the lawsuit is initiated.   *Dupree v. Palmer*, 284 F.3d 1234, 1236 (11th Cir. 2002).   Consequently, courts have a responsibility to dismiss cases, even *sua sponte*, under 28 U.S.C. § 1915(g).   *See, e.g., Casey v. Scott*, 493 F. App'x 1000, 1001 (11th Cir. 2012) (affirming district court's *sua sponte* dismissal of case under 28 U.S.C. § 1915(g) and noting "[t]he district court must search the record of the plaintiff's federal cases to determine if they were dismissed for the relevant reasons."); *Wright v. Polk County*, No. 13-13772, 2014 WL 715774, at *1-2 (11th Cir. Feb. 26, 2014) (noting that if the plaintiff has three strikes and fails to pay the full filing fee at the time he initiates the suit, the proper procedure is to dismiss the complaint without prejudice).

The Court takes judicial notice of four federal district court cases previously brought by Plaintiff that were dismissed on the ground that they failed to state a claim upon which relief may be granted: (1) 6:14-cv-861-Orl-37TBS, Doc. No. 4 (M.D. Fla. June 6, 2014); (2) 8:07-cv-219-T-17MSS, Doc. No. 2 (M.D. Fla. Feb. 5, 2007); (3) 8:07-cv-565-T-30MAP, Doc. No. 11 (M.D. Fla. Apr. 18, 2008); and (4) 3:07-cv-808-J-25TEM, Doc. No. 5 (M.D. Fla. Sept. 6, 2007).[1]   Additionally, Plaintiff's appeal in case number 8:07-cv-219-T-

---

[1] The prisoner identification numbers referenced on each of the respective complaints in these cases, as well as the amended complaint in this case, reflect that Anthony D. Cherry, whose birthdate is July 18, 1953, is the prisoner or detainee who initiated these actions.   Moreover, the complaints reflect the same handwriting and bear

2

17MSS was dismissed as frivolous. See No. 8:07-cv-219-T-17MSS, Doc. No. 9. Based upon these prior dismissals and Plaintiff's failure to allege that he is under imminent danger of serious physical injury, he is not permitted to proceed in forma pauperis. Consequently, this action will be dismissed without prejudice. Plaintiff may initiate a new civil rights action by filing a new civil rights complaint form **together with the full filing fee**.

Accordingly, it is now **ORDERED AND ADJUDGED**:

1. This case is hereby **DISMISSED** without prejudice.

2. The Clerk of the Court is directed to close this case and enter judgment accordingly.

**DONE AND ORDERED** in Orlando, Florida this 16th day of July, 2014.

ROY B. DALTON JR.
United States District Judge

Copies to:
OrlP-1 7/16
Anthony D. Cherry

---

the same reasoning.